**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLORDELIZA R. MONZON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-00909-GMN-LRL <br><br> **ORDER** |

Before the Court is Defendant Deutsche Bank National Trust Company's Motion to Dismiss (ECF No. 4). Defendants Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS) filed a Joinder to Defendant Deutsche's Motion (ECF No. 8). Plaintiff has not filed a Response to either of the Motions. Defendants have, however, filed Notices of Non-Opposition (ECF Nos. 10). For the reasons that follow, the Motion to Dismiss and Joinder will be GRANTED. Plaintiff's Complaint will be dismissed without prejudice.

## **BACKGROUND**

This lawsuit was originally filed on or about May 13, 2011 in the Eighth Judicial District Court in and for Clark County, Nevada. Plaintiff's Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that have been initiated against Plaintiff's residence. Defendant Deutsche Bank removed the lawsuit to this federal district court on June 3, 2011 (ECF No. 1). This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the Complaint seeks relief under 15 U.S.C. §1681. Further this court has original jurisdiction over the subject matter under 28 U.S.C. §1332.

On June 13, 2011, Defendant Deutsche Bank filed a Motion to Dismiss (ECF No. 4). On June 14, 2011 Defendants Merscorp, Inc. and MERS filed a joinder to the motion to dismiss

(ECF No. 8). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response; therefore, Plaintiff had until June 30, 2011 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

On July 8, 2011 Defendants filed a Notice of Non-Opposition to the Motion to Dismiss (ECF No. 10).

## **DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).

The fifth factor also does not weigh in favor of Plaintiff because it does not appear that this case was likely to be decided on the merits anyway: Plaintiff has utterly failed to respond to Defendants' Motions even though the due date for a Response was almost one month ago. The Court has no reason to believe that Plaintiff will show a better degree of diligence in other

aspects of this lawsuit.

These four factors outweigh factor (4) and, accordingly, Defendants' Motion to Dismiss and Joinder are GRANTED. Plaintiff's Complaint is dismissed without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss and Joinder (ECF Nos. 4 & 8) are **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.

DATED this 22nd day of July, 2011.

_____
Gloria M. Navarro
United States District Judge